GEORGE M. THOMAS, plaintiff in error, *vs.* the GEORGIA RAILROAD & BANKING COMPANY, defendant in errror.

An action was brought by the plaintiff, as an employee of the defendant, alleging that he had been injured and damaged by other employees of the defendant, *in carelessly, and negligently, running and pushing a certain hand-car upon the Railroad track of the defendant.* On the trial of the case, the plaintiff offered evidence to prove that he was injured in consequence of the defective construction of a certain instrument, called a "Jigger," which was used by the employees of the road, which evidence was objected to by the defendant, on the ground that there was no allegation of that fact in plaintiff's declaration, which objection was overruled by the Court, and the evidence

was admitted. The jury found a verdict for the plaintiff, for the sum of $2,750 00, and a motion was made for a new trial, upon several grounds, which was granted by the Court below. The plaintiff excepted: *Held*, that it was error in admitting the evidence as to the injury sustained by the plaintiff in consequence of the defective construction of the "Jigger," there being no allegation of that fact in his declaration, but on the contrary, the injury was alleged to have been done by the careless and negligent running and pushing the hand-car on defendant's road, by the employees thereof.

*Held, further*, that this Court will more reluctantly interfere with the discretion of the Court below, in granting a new trial, when the plaintiff, the only witness in the case, states, that on a *former trial* thereof, he swore, that there was *no negligence,* either in New, or Jones, who were with him as employees of the road, when he was hurt; but who stated on the *last trial*, that he was injured by the *carelessness* of Mr. New, and Mr. Jones, without giving any explanation as to the conflicting statements made by him, in relation to that material point in the case, on the different trials thereof.

New Trial. Damage on Railroad by co-employee. Party as Witness. Before Judge POPE. DeKalb Superior Court. September Term, 1869.

Thomas averred that on the 20th of August, 1866, his right arm was crushed and broken, his upper lip was cut and split open, and one of his teeth was knocked out, by the servants of said company, carelessly and improperly pushing and running a hand-car, on the track, and striking him therewith, with great force and violence, causing him great suffering, expenses, etc. The defendant pleaded the general issue. On the first trial, plaintiff obtained a verdict for $600 00 and costs, and defendant appealed. The appeal was dismissed, but that dismissal was reversed by this Court. See 38th Ga. R., 222.

Upon the second trial, plaintiff testified that he was thirty-eight years old, had a wife and six children, dependent on him for a support, the oldest child being fourteen years old ; stated that the said injuries were received by him, at said time, that five weeks elapsed before he came out again to work upon the track, and it was two months before he could use his arm well ; that he was now farming, and though he could plough and hoe as well as ever, he could not work on

the track, nor split rails, nor could he lift as well as before; that he was getting $26 00 per month on the road, before he was hurt, and while he was hurt, and for twelve months after his return, $26 00 per month was paid him; now he could hire for $15 00 per month, as a farm hand; that he suffered greatly, for three or four weeks he did not sleep, had gangreen in his arm, cannot now shut his hand or close his elbow; that he considered himself a poor hand after he returned to the road, but no complaint was made of his work, and he got the same wages as before his hurt; that he wrote the superintendent, making some propositions, one of which was to give him an easy place, and told him, if some one of his propositions was not accepted he would sue the company; that he was turned off and sued the same day. So much for the extent and nature of his injury.

As to how it occurred, he testified that he was employed by defendant, working on the track, under Mr. New, with a hand-car, with three others, who were accustomed with him to handle said car; they used a jigger, an instrument used for changing a hand-car from the track to the turnout, made by placing two rails, or pieces of lumber, sharpened at the ends, parallel with each other, of the same width of the track, fastened together with a pivot in the center; the car is placed upon it and turned on the turnout, and when placed on the jigger, the car ought to balance. New and Jones, a track hand, and plaintiff, were using the jigger, plaintiff working the back part of it and they pushing the car on to the jigger from the turnout, and they pushed it with so much force that it did the damage aforesaid; that he was in his proper place, discharging his duty. The pivot of this jigger was four inches from the center, the jigger was made by plaintiff and Jones, not mechanics, and by New's order, of timber for wagon tongues, with ordinary tools; though it was no part of plaintiff's duty to make jiggers, he knew where the pivot was, had used that jigger twelve months; Mr. Henry usually made them, and two men could manage Henry's jiggers, but it took four men to handle this one; the other men were some fifty yards away

when he was hurt; this jigger was used since 1865, and for some time after said injury, but the pivot was changed to the center. The injury was caused by the carelessness of New and Jones, they made a surge with the car, and failed to push it on the jigger, made a second surge and pushed the car on plaintiff, with great force, so fast that he could not get out of the way; no one was with him at the time but New and Jones, and that he swore on the first trial that there was no negligence in New or Jones, and that it was not their fault, so far as he knew. It was not New's business to put the car on the track, but sometimes he did it; plaintiff did not think he would have been injured had the pivot been in the center, though he was not certain as to this; the turnout was made of chestnut telegraph poles, one of which had a bulge. Here plaintiff closed.

The evidence of the defect in the jigger was objected to by defendant's counsel, when it was offered, because there was no averrment to support such evidence, but the objection was overruled.

On the part of defendant, said NEW and JONES testified substantially as follows: The car was rolling along at a moderate rate when it dropped off on plaintiff; turnouts were usually made of poles, or old cross-ties, and that one was as good as usual; sometimes a jigger is managed by four hands, sometimes by three, and sometimes by but two, plaintiff had often worked one with less than four hands; the running off of the car was not caused by the carelessness of either of the witnesses, and they thought plaintiff could have stopped it had he tried; jiggers are usually built by the hands upon the road; the pivot ought to be in the center, but it is not so always; that jigger had been used ever since the war, and the pivot was changed some time after plaintiff was hurt, because the ends of the jigger had worn off. Jones said plaintiff was a good hand yet, but that some work could not be done by him, and New said he thought him yet a good hand, and did he need one, would as soon employ plaintiff as any other, and that plaintiff's

Thomas *vs.* The Georgia Railroad and Banking Company.

. wages had been paid him during his sickness, and since, till he sued, just as before his injury.

All this evidence came in without objection, except. the opinion of these witnesses, that plaintiff's injury was not caused by the carelessness of either of them.    The Court charged the jury and they found for the plaintiff for $2,-750 00 and costs.  Defendant's counsel moved for a new trial, upon the grounds that the verdict was contrary to law, and against the weight of the evidence, and excessive, and because the Court erred in admitting evidence of the defect of the Jigger.    The Court granted a new trial, without saying upon what ground.    His granting a new trial is assigned as error.

HILL and CHANDLER, for plaintiff in error, cited, as to damages by Railroads: Irwin's Code, secs. 2057, 2957, 3329, 2979, 3662, 3666 ; 20th Ga. R., 411; 30th, 112 ; 34th, 110, 438, 536 ; 13th, 320 ; 14th, 41 ; 31st, 365, 37th, 607 ; and as to excessive damages : Irwin's Code, sec. 2896 ; 23rd Ga. R., 500 ; 26th, 250 ; 30th, 152; Pierce's Am. R. R. Law, 495, 254 ; 38th Ga. R., 438 ; 16th Barber R., 359 ; 20th, 293 ; 20th Ga. R., 37 ; Sedgwick on M. of Dam., 601 ; 5 Mason R., 497 ; Wisconsin Reports, 221 ; Smidt vs. the M. & St. P. R. R., Hunt vs. N. N. R. R. Company ; 26 Iowa R., 365.

L. J. GLENN & SON, for defendant, said the evidence of defect of Jigger was inadmissible, under the pleadings : 25th N. Y. R., 562 ; 10th Indiana R., 554'; Pierce's R. R. Law, 294 ; 1st Red. on R. R., 520, (note,) 522 ; 20 Barb., 449 ; plaintiffs fault contributed to the injury : same authorities and Irwin's Code, section 2981 ; 35th Georgia Reports, 105; and as to excessive damages: 27th Ga. R., 87 ; 38th, 431 ; Irwin's Code, secs. 3666, 3667 ; as to granting new trials : 6th Ga. R., 185 ; 37th, 557 ; 35th, 271 ; 36th, 604 ; 26th 164, 290 ; 30th, 968 ; 32d, 472 ; 7th, 436 ; 26th, 528.

WARNER, J.

The error assigned to the judgment of the Court below, in this case, is the granting a new trial, on the grounds stated in the motion therefor. The cause of action, as set forth in the plaintiff's declaration, is, that he was injured by the careless and negligent running and pushing a certain hand-car on the defendant's road, by the employees thereof, the plaintiff being an employee on the road. In our judgment, it was error in the Court below, on the trial of the case, to admit evidence that the plaintiff was injured in consequence of the defective construction of the "jigger," as stated in the record, there being no allegation of that fact in his declaration, but on the contrary, the injury was alleged to have been done by the *careless and negligent running and pushing the hand-car, on defendant's road.*

The plaintiff was the only witness sworn to prove the injury sustained by him ; and, by his own admissions, there is a conflict in his evidence as given on a former trial of this case, and that now given by him on the last trial, upon a *material point.* Under these circumstances, this Court will more reluctantly interfere with the discretion of the Court below, in granting a new trial. Whilst it is the duty of the Courts to require that the several railroad companies in this State should be strictly confined within the limits of their respective charters, and be held strictly responsible for all liabilities imposed on them by law, still, it is also the duty of the Courts, to protect them from being *wrongfully plundered,* under the form and color of law ; their rights, and liabilities, should be measured and decided by the same standard as those of natural persons.

Let the judgment of the Court below, granting a new trial, be affirmed.