SAULSBURY, RESPESS & COMPANY, plaintiffs in error, *vs.* MARY J. WEAVER, defendant in error.

1. By section 1783 of the Code, a married woman is disabled from binding her separate estate by any contract of suretyship, whether in behalf of her husband or of any other person.
2. Where the plaintiff himself proves the contract sued upon to be one of suretyship on the part of a married woman, (one of the defendants in the action,) no special plea is requisite to make the evidence available for her defense.
3. Immaterial errors on the trial do not vitiate the result.

Husband and wife. Principal and security. Pleadings. Practice in the Superior Court. New trial. Before Judge HALL. Monroe Superior Court. February Term, 1877.

Reported in the opinion.

CABANISS & TURNER ; R. L. BERNER, for plaintiffs in error.

STONE & TURNER, for defendant.

BLECKLEY, Judge.

A *feme covert*, jointly with her husband and several others, drew a draft, payable to their own order, and indorsed it in blank. Suit was brought upon it by the holders. The general issue and partial failure of consideration were pleaded. The *feme covert* afterwards pleaded that she had been adjudicated a bankrupt, pending the action. The plaintiffs replied to this, that they held a conveyance to secure

the debt, executed under section 1969 of the Code, and they prayed that this security might be made available in the statutory method.   A trial took place, and the jury found in favor of the plaintiffs, as to all the defendants except the *feme covert*.   A motion was made by the plaintiffs for a new trial, on various grounds.   The motion was overruled.

1. 2. In the argument before us, it was not suggested that Mrs. Weaver was not a married woman when she entered into the contract, nor was it pretended that she was interested in the consideration of that contract.   We think it appears on the face of the record that the coverture was conceded in the court below, and we understood it to be conceded here.   On the other question, the evidence of the plaintiffs themselves is, that the debt was not hers, but that the draft sued on was drawn to cover a debt due to them by her son, one of the co-drawers with her.   This being so, the plaintiffs, in attempting to make out their case, have shown clearly that they are not entitled to recover as to her.   The Code (§ 1783) restrains married women from binding their separate estates by *any* contract of suretyship.   This is a wise and prudent provision of the law; and, we think, the plaintiffs, after supplying the evidence of the suretyship, cannot complain that it was not specially pleaded.   According to their own showing, the contract which they sought to enforce was not binding upon her.   There was thus no occasion for a special plea.   See 56 *Ga.*, 210.

3. If errors were committed by the court, they were immaterial.   Were a new trial ordered, it could not result otherwise than in a verdict similar to that which has been rendered.

Cited for plaintiffs, 57 *Ga.*, 83 ; Bouvier's Dic., " Issue ;" 40 *Ga.*, 231; 13 *Ib.*, 97; 9 *Ib.*, 160 : 55 *Ib.*, 276; 32 *Ib.*, 372; 1 Gr'leaf's Ev., §§ 50, 51, 52.   For defendant, Code, section 1783.

Judgment affirmed.