73   269<br>85   822

---

BEATIE vs. CALHOUN, ordinary, for use.

1. Where suit was brought against a husband and wife jointly, and a garnishment was issued and served, and in order to secure a surety on the bond to dissolve the garnishment, the wife conveyed her separate property to him, and he thereupon became the surety both of herself and husband, the deed was invalid, so far as the liability of her husband was concerned; and when, on the trial of the case, it was determined that her husband was liable, but she was not, and the surety on the garnishment bond was compelled to pay the amount found against the husband, her deed amounted to a conveyance to indemnify the surety of her husband, and was, therefore, invalid.

2. It does not matter that the garnishment bond relieved money due her from the grasp of the garnishment until the case was tried, if it made the surety responsible for the ultimate recovery against the husband. The surety's bond for the wife's ultimate liability made a valid consideration for the deed of indemnity as to her, but his bond for the husband's ultimate liability was not a valid consideration to support her deed for the purpose of indemnifying the surety as to his debts.

3. It does not matter that, in order to dissolve the garnishment as to the wife, it was necessary also to dissolve it as to her husband, and that when the surety became such, to release her money, it was necessary for him also to become the surety of her husband.

4. Such a deed having been made to indemnify the surety on the garnishment bond of both husband and wife, and the liability having been determined to be that of the husband only, her deed was void; and where, after her death, the surety brought ejectment based on such a deed, her administrator could successfully have defended the case, and if he first filed a plea and then abandoned it and permitted a verdict to be taken against him, he could be held liable by the heirs at law of the wife.

(*a* ) The ground, based on newly discovered evidence, was not pressed, and amounted to nothing.

February 7, 1885,

Husband and Wife. Principal and Surety. Title. Garnishment. Administrators and Executors. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

L. J. GARTRELL; E. N. BROYLES, for plaintiff in error.

W. R. BROWN; BIGBY & DORSEY, for defendant.

JACKSON, Chief Justice.

This suit was brought by the heirs at law of Mrs. Mary Turner, against the administrator on her estate, to recover money alleged to be due by him to her estate. A verdict for the heirs at law (except her husband) was rendered, a new trial refused, and the administrator excepted.

The question is, whether the administrator rendered himself liable for the value of a parcel of land which he permitted to be recovered wrongfully against him, when he could have defended it successfully, as is insisted by the defendants in error, and as the verdict found.

The facts, briefly stated, are these: Mrs. Mary Turner and her husband were sued by one Rich on joint notes.

Pending this suit, Rich caused summons of garnishment to issue to an insurance company in respect to its indebtedness to defendants, it being really for amount due from loss by fire of a building belonging to Mrs. Turner. The garnishment was dissolved, and Gartrell stood security on the bond of Turner and wife to dissolve it. To induce him to do so, Mrs. Turner executed to Gartrell a deed to the land, for the value of which plaintiffs sued Beatie, administrator of Mrs. Turner, in this action, and recovered this verdict. Rich lost his suit against Mrs. Turner, and recovered only against Turner, the husband, and Gartrell, surety on the bond to dissolve the garnishment, who had the judgment to pay, and then sued for and recovered the land. Beattie, the administrator, having first filed a defence, then abandoned it, and allowed Gartrell to take a verdict. So that the question is, was Mrs. Turner's deed to Gartrell good and valid to convey title to Gartrell and justify the administrator in suffering a verdict in his behalf?

1. By our statute, Code, §1783, the wife cannot bind her estate by any contract of suretyship. When she agreed to indemnify Gartrell as surety for her husband, as well as herself, and made a deed to her separate estate for that purpose, she did an invalid act, so far as the husband was concerned; and when the liability on the joint notes given to Rich was found not to be hers, but her husband's solely by the judgment of the court, the effect was to make it plain that she did bind her separate estate to indemnify Gartrell as surety for her husband, if he were eventually found liable to Rich, as well as surety for herself, should she have been made liable also to pay the joint notes. The statute does not permit her to be surety or encumber her estate for her husband's debt in a transaction in which she is sued jointly with him, any more than in one in which he is sued alone, unless the debt be her debt. If it be his debt, though she be sued for it with him, her deed to her separate property to secure it is void.

2. Nor does it matter that the bond Gartrell signed as

surety relieved money due her from the grasp of the garnishment until the case was tried, if it made Gartrell surety for Rich's ultimate recovery against her husband. The surety's bond for her ultimate liability made a valid consideration for the deed of indemnity to Gartrell, but his bond for the husband's ultimate liability was not a valid consideration to support her deed for that purpose for his debt, and in so far as the deed operated to indemnify Gartrell for paying a judgment against her husband, it operated as a security for her husband's debt and is void. Before a surety can be safe in relieving a married woman's effects from involvement in a law-suit, he must see to it that his suretyship extends only to her own relief and binds him only for her debt; otherwise her bargain to indemnify him is void, as it is then a deed or sale to secure another as well as herself. The effects so involved must remain involved until the termination of the suit, if the only way to relieve them from garnishment or otherwise be to involve more of her property as surety for her husband, or, what is the same in effect, to indemnify another as such surety.

3. It follows that it matters not whether, to dissolve the garnishment as to her, it was necessary also to dissolve it as to her husband; and that, when the surety became her surety to release her money, he must also have been his or that her money would remain locked up until the hearing. It must, in such a case, so remain, unless some surety can be procured, through the husband's deed of his own property, or some other indemnity than the wife's separate property.

4. We conclude that the administrator could have successfully defended the ejectment suit of General Gartrell, on the ground that the deed he held from Mrs. Turner was void and passed no title out of her; and, of course, no matter what may have been ruled on minor points, the verdict and judgment must stand. The administrator may have acted in good faith and under counsel's advice,

and the case may press hardly upon him; but the law is clearly against him, and that is the master of us all.

The ground on newly discovered evidence was not pressed, and amounted to nothing.

Judgment affirmed.

Cited for plaintiff in error, 56 *Ga.*, 344; 62 *Id*, 357, 738; Code, §1783; *Cain vs. Ligon, adm'r et al.,* 71 *Ga.,* 692; 59 *Ga.*, 254; 1 Sandf. Ch. R., 214, 229, 230; Bayl. on Sur. and Guar., 72-3; 1 Kelly, 294.

For defendant, 20 *Ga.*, 723; 54 *Id.*, 543; 62 *Id.*, 733; 56 *Id.*, 403; Code, §§2535, 2547.