THE FIRST NATIONAL BANK OF CORDELE v. ADAMS et al.

1. The pleas, taken together, set up a good defence to the action; if not a good legal defence, certainly one that is good in equity, in view of the insolvency of the payee of the note sued on.
2. The evidence, though conflicting, was sufficient to warrant the verdict.                                      Judgment affirmed.

July 24, 1893.

Complaint on notes. Before Judge MARTIN. Chattahoochee superior court. September term, 1892.

The bank sued Adams, maker, and Bivins, indorser, upon a promissory note. Plaintiff demurred to two pleas of defendant Adams. The demurrer was overruled. The verdict was for defendant, and a motion was made for a new trial on the general grounds, and was overruled. The note sued on was dated at Cordele, Ga., April 2, 1891, was for $1,041.66, with interest and attorney's fees, due five months after date, made by Adams and payable to the order of Bivins at the Bank of Cordele. It contained a waiver of homestead, and a state-

ment that to secure its payment eleven shares of the capital stock of the Bank of Cordele were left as collateral, subject to sale either public or private, without further notice, if the note was not paid when due. It contained a credit, September 2, 1891, of $341.66, and an indorsement dated August 14, 1891, signed by Bivins, directing payment to the First National Bank of Cordele. One of the pleas was as follows: On April 2, 1891, Adams entered into a written contract with Bivins, by the terms of which he purchased fifty shares of the capital stock of the Bank of Cordele. By virtue of this written contract Adams had the right to resign the office of vice-president of the Bank of Cordele, and demand the repayment of his money paid with ten per cent. profit thereon per annum, provided he did so by the 2d of February, 1892. Adams resigned the vice-presidency by said time and tendered to Bivins the fifty shares of stock, demanding payment of his money and surrender of the note sued on. Bivins refused to refund him his money or return him his said two notes, one of them being the note sued on. Bivins is wholly insolvent. Plaintiff is not the true and *bona fide* holder of the note for value, but the action in its name is a combination and fraud upon this defendant to recover the note and thereby defraud Adams out of its proceeds. Plaintiff took the note with full knowledge of the existence of the written contract between Adams and Bivins and of his demand for the note, and took the same subject to all the equities existing between Adams and Bivins. Wherefore the consideration of the note has failed. Attached to this plea was a copy of the contract mentioned, which was signed by Bivins and Adams and dated April 2, 1891. This contract recited, that in consideration that Adams had that day purchased of Bivins fifty shares of the capital stock of the Bank of Cordele for $3,000 cash and his two promissory notes, one for $1,041.66

due September 2, 1891, and the other for $1,354.17 due February 2, 1892, Bivins agreed that if Adams wished to sever his connection with said bank on or before February 2, 1892, and did so, Bivins would repurchase the stock from Adams with ten per cent. per annum profit to Adams, dividend received by Adams in the meantime on the stock to be considered as profits on the stock.

The other plea was: Bivins is wholly insolvent, and the stock of the Bank of Cordele is not worth twenty-five cents on the dollar. Long before the maturity of the note Adams notified Bivins that he would demand back the purchase money paid and the two notes given for the fifty shares of stock, and did tender back the stock and demanded payment of the money and surrender of the two notes, and Bivins refused and still refuses to comply with his said contract. Bivins was and is the cashier of the First National Bank of Cordele, and said bank is not the owner of the note, but is conspiring with Bivins to defraud Adams out of the proceeds of the note. Said bank is not the *bona fide* purchaser of the note, but took the same after its maturity and with notice of the equities existing between defendant and Bivins. Wherefore it would be inequitable for said bank to collect from Adams the note, when, on account of the insolvency of Bivins and the worthlessness of the stock, he could not recover his money. When the contract of purchase was made, Adams was wholly ignorant of the value of the stock, and Bivins represented that it was worth one ten and that he had sold some at one twenty per share; and upon these representations, which were false, Adams made the contract and gave one five.

LITTLEJOHN & THOMSON and THORNTON & McMICHAEL, for plaintiff. PEABODY, BRANNON & HATCHER and J. E. BIVINS, for defendant.