### 3518. SUMMERS *v.* LEE, for use, etc.

RUSSELL, J. 1. The court erred in disallowing the defendant's plea of set-off. "If the plaintiff sues for the benefit of another person, a set-off against the beneficiary shall be allowed." Civil Code (1910), § 4343.

2. There being sufficient evidence to authorize the inference that the making of the note and the deed by the wife, to secure a loan to her, was merely a colorable scheme by which her separate estate was to be subjected to the debts of her husband, it was error to direct the verdict for the plaintiff. Even if the evidence could be said to preponderate in favor of the plaintiff, the verdict directed was not demanded; for there was testimony upon which the jury might have found that the plaintiff advanced the money knowing that it was to be used to pay the husband's debts, including his debt to the bank, and that the entire transaction was a collusive scheme, by which the statute against suretyship on the part of married women might be evaded. *Central Bank* v. *Almand,* 135 *Ga.* 231 (69 S. E. 111); *McLeod* v. *Southern Fertilizer Co.,* 7 *Ga. App.* 322 (66 S. E. 802).

*Judgment reversed. Pottle, J., not presiding.*
DECIDED JANUARY 30, 1912.

Complaint; from city court of Atlanta—Judge Calhoun. March 18, 1911.

*A. C. & J. H. McCalla, Munday & Cornwell,* for plaintiff in error. *R. W. Milner,* contra.