*Hollis Fort,* for plaintiff in error.

*Ware G. Martin* and *Hall & Dennard,* contra.

---

## KENT *v.* SIMPSON.

FISH, C. J. 1. "Possession of land is notice of whatever right or title the occupant has." Civil Code (1910), § 4528. "Notice sufficient to excite attention and put a party on inquiry is notice of everything to

which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties." Ibid. § 4530.

(a) While there are two lines of authority as to whether this rule applies to possession by a grantor after the making of a grant, and there are certain special cases dependent on their own facts, in this State the rule generally applies to such possession by the grantor after the making of a deed by him. *Walker* v. *Neil*, 117 *Ga.* 733, 746, 747 (45 S. E. 387); *Long* v. *Gilbert*, 133 *Ga.* 691, 694, 695 (66 S. E. 894); *Berry* v. *Williams*, 141 *Ga.* 642 (81 S. E. 881), and citations.

(b) The case of *Malette* v. *Wright*, 120 *Ga.* 735 (48 S. E. 229), stands on its own special facts; and while certain broad language is used in the opinion, the decision will not be so extended as to conflict with the general rule which is well established in this State, as above stated.

2. If an illiterate person who was unable to read or write was fraudulently induced to sign a paper under pretense that it was a note when in fact it was a deed, but remained in possession of the land, and if the grantee in such conveyance conveyed the land to another who then brought an action against the maker to recover possession, and in defense thereto the defendant introduced evidence tending to show the above-stated facts, it was error for the court to charge that if the defendant signed the deed believing it to be a note "and under such circumstances that he neither knew that the same was a deed, or in the exercise of due care and caution should have known that the same was a deed conveying his property, that is, the premises in dispute and other property, then the plaintiff ought not to recover in this action, if you further find that the plaintiff was chargeable with knowledge of these facts." Such charge was erroneous in reference to the exercise of due care and caution, and also was not full in regard to the plaintiff being chargeable with "knowledge" of these facts.

(a) In some other portions of the charge there was inaccuracy in referring to the question of due care and caution on the part of the signer of the deed. *Grimsley* v. *Singletary*, 133 *Ga.* 56 (65 S. E. 92, 134 Am. St. R. 196). *Judgment reversed. All the Justices concur.*

JULY 14, 1914.

Ejectment. Before Judge George. Ben Hill superior court. June 27, 1913.

*Lewis A. Mills Jr.* and *McDonald & Grantham,* for plaintiff.
*Haygood & Cutts,* for defendant.