6920. SUMMERS *v.* THOMPSON, executrix, for use, etc.

The former decision of this court in this case is the law of the case; and, under the ruling there made as to the sufficiency of the evidence, the court, on the trial now under review, erred in directing a verdict for the plaintiff.

DECIDED MAY 19, 1916.

Complaint; from city court of Atlanta—Judge Reid.  May 7, 1915.

*A. C. & J. H. McCalla, Munday & Cornwell,* for plaintiff in error.  *R. W. Milner,* contra.

WADE, J.  A comparison of the record now before us with the record in this case when it was heretofore before this court for adjudication (*Summers v. Lee,* 10 *Ga. App.* 441 (73 S. E. 662), discloses that the pleadings, evidence, and assignments of error are substantially the same, except that the plea of set-off, formerly disallowed, was allowed in the trial under review, in conformity with the previous ruling of the court.  It was then held that the evidence before this court for consideration was sufficient to authorize the inference that the making of the note and the deed by the wife to secure a loan to her was merely a colorable scheme by which her separate estate was to be subjected to the debts of her husband, and that the court therefore erred in directing a verdict for the plaintiff.  It is true the additional evidence at the trial now under review tended to rebut this inference, but in view of the former ruling of this court as to the sufficiency of the other evidence to authorize inferences supporting the plea of the defendant, the question whether those inferences were or were not overcome by the additional testimony was necessarily for determination by the jury.  The former decision of this court is the law of this case, equally binding upon us and upon the trial judge, and he there-

fore erred in directing a verdict. "The Court of Appeals, upon a consideration of the second writ of error, is bound by its own decision in the former case." *Southern Bell Tel. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136). *Judgment reversed.*