LEE *et al. v.* JOHNSTON, trustee, *et al.*

HINES, J. 1. The grantors in a security deed filed a petition against the grantee and two successive transferees of this instrument and of the note thereby secured, to enjoin a sale of the land conveyed, under a power of sale therein evidenced, on the grounds (a) that as to one of the grantors said deed was obtained by fraud, and (b) that as to the other grantor it was void, because it was procured by a threat to

Appeal and Error, 4 C. J. p. 527, n. 31 New; p. 650, n. 37.
Husband and Wife, 30 C. J. p. 912, n. 89 New.
Mortgages, 41 C. J. p. 936, n. 15 New.
Pleading, 31 Cyc. p. 52, n. 76.

prosecute the husband of the latter, and because it was given by this grantor, who was a married woman, to secure the debt of another. The plaintiffs offered an amendment to their petition, in which they alleged, among other things, that these transferees were not bona fide holders of said note and security deed for value before due, but took the same with notice of the defenses which the makers had to said deed and note. The court rejected this amendment, and to this ruling plaintiffs excepted. *Held:* 1. That before the plaintiffs could prevail it was incumbent upon them to allege and prove that these transferees were not bona fide holders of this deed and note for value before due; and the court erred in disallowing this amendment. 2. The allegation in this amendment that the transferees were not bona fide holders of this deed and note for value before due, but took the same with notice of the defenses which the makers had thereto, was not a mere conclusion of the pleader, but was a statement of fact. *First National Bank* v. *Adams*, 92 *Ga.* 545 (17 S. E. 924).

2. The evidence demanded a finding that the note referred to above was the joint note of Mrs. S. L. Naylor and of her husband, R. G. Naylor, payable to the order of the Standard Motors Finance Co. Inc., and indorsed by G. W. Lee; that the same was given to cover an indebtedness of the Brooklet Motor Company; that the payee knew, at the time said note was given, that Mrs. Naylor was a married woman, and could not directly convey her property to the payee to secure the debt of the Brooklet Motor Company to it; and that she conveyed her interests in the land embraced in the above security deed to G. W. Lee, in order that the latter might convey the same to the payee, thus indirectly and by a collusive scheme pledging her individual property as security for the said indebtedness of the Brooklet Motor Company to the payee. *Held:*

(*a*) A deed given by a married woman, in pursuance of a scheme by which she pledges her individual property as security for the debt of another, is void in toto. Civil Code (1910), § 3007; *Central Bank & Trust Corporation* v. *Almand*, 135 *Ga.* 231 (69 S. E. 111); *Summers* v. *Lee*, 10 *Ga. App.* 441 (73 S. E. 602).

(*b*) While the mere fact that one of two joint makers of a note is the wife of the other, there being nothing upon its face to indicate that she signed as surety, is not, though her true relation to the paper was one of suretyship only, sufficient to charge a purchaser of the paper with notice of suretyship (*Southern Mutual Building &c. Association* v. *Perry*, 103 *Ga.* 800, 30 S. E. 658), the trial judge disallowed the wife's amendment to the petition, in which she alleged that the holder of the note was not one bona fide, for value, before due, who took the same with notice of her defenses thereto; thus preventing the wife from submitting proof of these allegations.

3. The grantee in, and the two successive transferees of, the above note and deed were non-residents of the State. The last transferee was proceeding to foreclose said deed under a power of sale, through the instrumentality of an agent or trustee resident in the State. The petition in this case was brought against said grantee, transferees, and agent or trustee, in the county of the residence of such agent or trus-

36

tee. Counsel for plaintiffs in error in his brief asserts that the court refused to grant an interlocutory injunction, because the court was without jurisdiction, as no substantial relief was prayed against the resident defendant. It does not appear from the judgment of the court, or any recital in the bill of exceptions, that the judgment of the court was put upon this ground; and for this reason we make no ruling on the questions thus raised. On this subject see *Sellers* v. *Page,* 127 *Ga.* 633 (56 S. E. 1011) ; *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292).

4. In view of the rulings in the first and second headnotes, the judgment of the court below must be reversed; and this renders it unnecessary to pass upon the other assignments of error.

*Judgment reversed. All the Justices concur.*

No. 5328.   JULY 15, 1926.

Equitable petition.   Before Judge Strange.   Bulloch superior court.   January 25, 1926.

G. W. Lee and Mrs. Sequel Lee Naylor filed their equitable petition in Bulloch superior court, against G. S. Johnston, trustee, a resident of Bulloch County, Standard Motors Finance Company Inc., of New Orleans, Louisiana, Mortgage & Securities Company, and Motor Liens Inc., the residence of the two last-named defendants being unknown to petitioners. The petition made these allegations: G. S. Johnston, trustee, under an alleged appointment by Motor Liens Inc., is advertising for sale on the first Tuesday in December, before the court-house door in said county, certain described real estate. The advertisement recites that G. W. Lee, on July 31, 1924, executed a deed to secure debt to said Standard Motors Finance Company Inc., wherein said realty was conveyed to said company, that said deed was thereafter transferred by the Standard Motors Finance Company Inc. to Mortgage & Securities Company, that it was thereafter transferred by Mortgage & Securities Company to Motor Liens Inc., and that said property is to be sold in accordance with the power of sale contained therein. Sequel Lee Naylor is the daughter of G. W. Lee, and the wife of R. G. Naylor, who was president of the Brooklet Motor Company, a corporation. Said lands were formerly owned by Mrs. Ada Lee, and at her death descended to G. W. Lee and his two daughters, Sequel Lee Naylor and Ola Stapleton. The debt secured by said deed, if any existed, was not the debt of said G. W. Lee, who admits signing said security deed, nor was it a debt of Sequel Lee Naylor, but was the debt of Brooklet Motor Company, which, at the date of said deed and some months prior thereto, was heavily involved in debt, and a proceeding in involuntary

bankruptcy had been begun against it. At that time Standard Motors Finance Company Inc. held a large number of conditional-sale contracts on Ford automobiles, executed to the Brooklet Motor Company by purchasers, and transferred to said company, which petitioners were informed would probably net enough to pay off the Finance Company's debts. At the time said security deed was given, it was represented to Sequel Lee Naylor, by the attorney for said Finance Company, that certain irregularities had been committed by her husband, R. G. Naylor, in the handling of said conditional-sale contracts, which rendered him liable to criminal prosecution, and that it was the purpose of said company to prosecute him unless she and her father, G. W. Lee, would give to said company a security deed on their real estate. Acting upon the fear of said threatened prosecution of her husband, and for the sake of her own good name as well as his, petitioner Sequel Lee Naylor agreed to give to said company an incumbrance on her one-third interest in said land, believing, from the representations made to her by said attorney, that enough or nearly enough would be collected from said conditional-sale contracts to pay said company's debt. Said attorney then advised her that she, being a married woman, could not lawfully encumber her property for the debt of another person, and that it could not accept the security deed directly from her to said company, but the purpose could be accomplished indirectly by her making a deed to her father to her one-third interest in said land, and letting him in turn give a security deed to said company on said interest, to which arrangement she consented in her anxiety to save her husband from prosecution. Accordingly, on July 31, 1924, said attorney prepared and petitioner signed a deed conveying her one-third interest in said land to her father, and on the same day said attorney prepared and her father signed the security deed in question. Said attorney in drawing said security deed included in it not only the one-third interest conveyed by her to her father, but also included in it the one-third interest of her father, so that it purports to convey two-thirds interest in two of the tracts embraced in said deed, and he also added in it another tract as the property of the said G. W. Lee, when he only owned a one-third interest therein. G. W. Lee was not present when said deed was drawn, did not furnish any information as to the boundaries, acreage, or title, and did not

know that his one-third interest was included therein, but thought he was only conveying his daughter's one-third interest. He is advanced in years, in feeble health, and can scarcely see enough to read at all, and had the utmost confidence in the representations of said attorney as to the contents and purpose of said deed, and signed it not knowing that it included his interest. The conveyance of the one-third interest of the said G. W. Lee was thus procured through fraud and imposition, and should be declared null and void and such deed cancelled. The conveyance of the one-third interest of Mrs. Naylor, having been made for the purpose of securing the debt of another person, is not valid as against her, she having been a married woman at the time of said transaction, which was known to the said Finance Company. The conveyance of the one-third interest is likewise null and void for the further reason that it was procured under duress of the aforesaid threatened prosecution of her husband. The advertisement of the said proposed sale is void for the reason that it does not state the amount of the debt which said deed was given to secure, and does not state the balance of said debt now remaining unpaid. Under the representations made at the time said deed was given, the debt to said Finance Company would now be almost, if not entirely, paid off from the collections of said conditional-sale contracts and from cars reclaimed and resold; and in any event petitioners, who have diligently sought this information, are entitled to know the actual and true balance due, and are entitled to a full accounting as to all other collaterals held for said debt before their land can be lawfully sold. Said advertisement is void for the further reason that it does not properly describe the prior outstanding security deeds which the purchaser at such sale must assume, nor state which particular tracts or interest in said tracts the said prior encumbrances cover. Petitioners pray, that the trustee be restrained and enjoined from selling said lands under said power of sale, that said conveyance of the interest of G. W. Lee in said deed be declared null and void for the reasons set out above; that the holder of said security deed as well as the note mentioned therein be required to bring the same into court for cancellation, and, failing to do so, that the same be cancelled under appropriate order of the court; that the defendants be required to discover under oath what amounts have been realized from the aforesaid condi-

tional-sale contracts and from other sources for credit on said debt, and to render a fully itemized account of all such transactions, showing the balance, if any, now due and unpaid; and for process. The petition was duly sworn to by G. W. Lee. G. S. Johnston, trustee, was the only defendant served.

*Hinton Booth,* for plaintiff.

*G. S. Johnston* and *Lewis A. Mills,* for defendants.