## 21585. J. E. SIMMONS & ASSOCIATES, INC. v. CHRISTIAN *et al.*

HEAD, Presiding Justice. 1. A wife may contract, but she can not "bind her separate estate by any contract of suretyship." *Code* § 53-503. "A deed given by a married woman, in pursuance of a scheme by which she pledges her individual property as security for the debt of another, is void in toto. Civil Code (1910), § 3007 [now § 53-503]; *Central Bank &c. Corp. v. Almand,* 135 Ga. 231 (69 SE 111); *Summers v. Lee,* 10 Ga. App. 441 (73 SE 602)." *Lee v. Johnston,* 162 Ga. 560 (2a) (134 SE 166); *Williamson v. Walker,* 183 Ga. 320, 325 (188 SE 346); *Cleaveland v. LaGrange Banking &c. Co.,* 187 Ga. 65, 69 (200 SE 137).

2. The trial court did not err in overruling the defendant's general demurrer.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1962—DECIDED APRIL 5, 1962—
REHEARING DENIED APRIL 20, 1962.

*R. W. Crenshaw, Jr., Hansell, Post, Gardner, Brandon & Dorsey,* for plaintiff in error.

*Maurice N. Maloof, Heyman, Abram & Young, Robert A. Blackwood,* contra.

Mrs. G. A. Christian filed her equitable petition against Yancey Company, Inc., and J. E. Simmons & Associates, Inc., to cancel and have declared null and void a deed to secure debt and a quitclaim deed, alleged to have been executed by the petitioner, a married woman, as security for the debt of Clifford Trott, and for other relief. Copies of the deeds sought to be canceled are attached to the petition. The deed to secure debt recites therein that "the debt hereby secured being an indebtedness of $4,976.99 due to the Yancey Company, Inc. by Mr. Clifford G. Trott who is a business associate of the grantor herein. . ." The petition alleges that, after the execution of the deed to secure debt, the grantee therein, being of the opinion that it was invalid, procured from her the quitclaim deed, which was also a device to secure the indebtedness of Clifford Trott, and a surety obligation. The defendant J. E. Simmons & Associates, Inc.,

undertook to procure from the petitioner an additional quit-claim deed, and failing in this, "nevertheless purchased said property with full knowledge and notice of petitioner's claims with respect to said property and the defendant Simmons was not an innocent purchaser of said property." The petition contains other allegations to the effect that both deeds were made for the purpose of securing the debt of another.

J. E. Simmons & Associates, Inc., filed a general demurrer to the petition, and the exception is to the judgment of the trial court overruling the demurrer.