25825. COLLINS et al. v. FREEMAN.

ARGUED MAY 21, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Peek, Whaley, Blackburn & Haldi, William H. Whaley, R. Joseph Costanzo, Jr.*, for appellants.

*J. Ralph McClelland, Jr.*, for appellee.

FELTON, Justice. 1. "A wife may contract, but she can not 'bind her separate estate by any contract of suretyship.' *Code* § 53-503. 'A deed given by a married woman, in pursuance of a scheme by which she pledges her individual property as security for the debt of another, is void in toto.' [citations.]" *J. E. Simmons & Associates v. Christian*, 217 Ga. 796 (1) (125 SE2d 56). This restriction applies to all contracts, whether in behalf of her husband or another, and hence to those in behalf of her son. *Saulsbury, Respess & Co. v. Weaver*, 59 Ga. 254.

2. A conveyance falling under the provisions of *Code* § 53-503 is absolutely void as between the maker and all persons affected with notice. *Sutton v. Aiken*, 62 Ga. 733, 743. "Notice sufficient to excite attention and put a party on inquiry shall be

notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." *Code* § 37-116. "The knowledge chargeable to a party after he is put on inquiry is not limited to such knowledge only as would be gained by an examination of the public records." *Dyal v. McLean,* 188 Ga. 229 (2) (3 SE2d 571). "Possession of land is notice of whatever right or title the occupant has." *Code* § 85-408. The foregoing principles apply to possession by a grantor after the making of a deed by him. *Kent v. Simpson,* 142 Ga. 49 (1 b) (82 SE 440). "It is incumbent upon one who purchases or contracts for a lien on land to inquire into the right of any person in possession thereof." *Yancey v. Montgomery & Young,* 173 Ga. 178 (2 a) (159 SE 571).

3. Accordingly, applying the above principles to the present action for the cancellation of a security deed and a warranty deed used as a security deed, where the pleadings, affidavits and depositions on file would authorize findings that the plaintiff married woman conveyed her house and lot in which she and her husband resided, and continued to reside thereafter, by warranty deed to the defendant corporation, in the name of which her son was doing business; that the deed recited a consideration of "other valuable considerations and ten dollars" and contained a revenue stamp for up to a maximum of only $500; that the typed-in name, as well as the signature, of the grantor thereon was the plaintiff's married last name, but with her maiden name initials without a "Mrs." prefix; that said deed was executed only two days prior to the execution of the security deed to the defendant mortgagee; that the plaintiff received no consideration from the conveyance of the property to said corporation; and that the defendant mortgagee knew that the plaintiff was a married woman at the time he subsequently took a warranty deed to the property from her as security for the corporation's debt, although he wasn't familiar with the Georgia law prohibiting married women from pledging their individual property as surety for another's debt, the foregoing would authorize, although not demand, the further finding that such facts were sufficient to have put the defendant mortgagee on inquiry which would have

led to the knowledge that such transactions were a part of a scheme whereby the corporation subsequently, 3 days after the execution of the security deed, reconveyed fee simple title to the property to the plaintiff, with the resultant effect of the married plaintiff's individual property being pledged as security for the debt of her son's corporation, which received all of the consideration from said security deed and the subsequent warranty deed from the plaintiff to the defendant mortgagee's wife, which was used for the purpose of obtaining additional security for loans to the corporation. Hence, if a jury finds that such a scheme was in fact perpetrated and that the defendant mortgagee should have been put on inquiry which would have led to knowledge thereof, the deeds would then be voidable by the plaintiff under the proscription of *Code* § 53-503, as it read at the time the deeds were executed, prior to its amendment by Ga. L. 1969, pp. 72, 73.

There being issues of fact for a jury to determine, the trial court erred in its judgment granting the summary judgment in favor of the plaintiff.

*Judgment reversed. All the Justices concur. Undercofler, J., concurs specially.*

UNDERCOFLER, Justice, concurring specially. "Under our statute, a wife cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, is void. Civil Code (1910), § 3007 [now § 53-503]. A married woman may give land to her son. She may convey it to him in order that he may have a basis of credit, or for the purpose of enabling him, by a conveyance of the land, to secure the payment of his debts. If she does so, and does not herself become liable for the payment of the debt, she is bound by her deed, and must abide the loss of the land arising from her maternal generosity. But if the deed is not what it purports to be, but is a mere colorable transaction and part of a scheme, in which the creditor participates, to make her in fact a surety for the debt of her son or husband, though not nominally bound for its payment, the transaction is contrary to law and void. *National Bank of*

*Athens v. Carlton,* 96 Ga. 469 (23 SE 388)." *Blackburn v. Lee,*
137 Ga. 265, 266 (73 SE 1). See also *Hawkins v. Kimbrell,* 158
Ga. 760 (124 SE 351); *Saxon v. National City Bank of Rome,*
169 Ga. 784 (151 SE 501); and *Williamson v. Walker,* 183 Ga.
320 (188 SE 346). The legislature in 1969 (Ga. L. 1969, pp. 72,
73) changed the law regarding the suretyship of a married
woman (*Code Ann.* § 53-503) but this transaction is controlled
by the prior law.