### 26938. FREEMAN v. COLLINS et al.

GUNTER, Justice. This appeal comes here because the trial court denied the plaintiff-appellant's motion for a summary judgment. The summary judgment motion sought cancellation of two deeds: (1) a security deed from Associated Equities Corporation to defendant, Mr. Collins, and (2) a warranty deed from plaintiff to defendant, Mrs. Lois Collins.

This is the second appearance of this case in this court. See *Collins v. Freeman,* 226 Ga. 610 (176 SE2d 704) where this court reversed a summary judgment below in favor of the appellant.

After reversal of the summary judgment for appellant by this court, appellant obtained additional evidence by deposition, now a part of the record, and contends that the record with this new evidence has now eliminated every issue as to any material fact insofar as cancellation of the two deeds is concerned. The trial judge did not agree with this contention, denied the summary judgment, and certified the case for appeal to this court.

We affirm the judgment of the trial court.

It is clear that appellant conveyed her real estate on two occasions by warranty deed, first to a corporation con-

trolled by her son and secondly to Mrs. Lois Collins, and that she did not receive any monetary consideration for these two deeds.

It is also clear that appellant's son prevailed upon her to execute both warranty deeds. The first was to his corporation which he recorded; he then executed and delivered the corporation's security deed to Mr. Collins for a loan; the security deed was recorded; the corporation then executed and recorded a warranty deed reconveying the realty to appellant, and this deed was, of course, subject to the recorded security deed; some months later the son again prevailed upon the appellant to execute the second warranty deed to Mrs. Lois Collins, and Mrs. Lois Collins in return executed and delivered to appellant an option or contract which required Mrs. Lois Collins to reconvey the realty to appellant upon the payment of a stipulated sum; it is apparent that the son intended to repay the appellees, have the security deed canceled, and have Mrs. Lois Collins reconvey the realty to appellant in accordance with the written option or contract with appellant; and the problem giving rise to this case was that the son was unable to pay the appellees.

Appellant's position is that her two deeds and the security deed are voidable because proscribed by *Code* § 53-503 as it existed prior to the 1969 amendment, the deeds having been executed prior to 1969. And appellant says that there is no material issue of fact about this; that she is entitled to cancellation as a matter of law.

There is no doubt that appellant has been taken, she is the loser, her realty has been conveyed away to others. But were these transactions as related above a nefarious scheme to bind her separate estate by a contract of suretyship or to have her pledge her individual property as security for the debt of another?

If this was such a scheme, the appellant's son was plainly involved in it. He was the medium through which it was carried out, and he and his corporation both benefited from the execution of the two deeds by appellant. If this

was such a scheme, was the son the sole perpetrator of it, or was he joined in it by the appellees?

If these deeds are not canceled the appellant will be the loser because of her son's activity alone, or because of her son's activity coupled with the activity of the appellees in the matter.

If these deeds are canceled the appellees will be the losers because of the son's activity alone, or because of the appellees' activity coupled with the son's activity in the matter.

Was there such a scheme, and if there was, who was responsible for its authorship and execution?

These questions must be answered by a jury or by a trial judge determining fact issues by consent.

*Judgment affirmed. All the Justices concur.*
ARGUED JANUARY 11, 1972—DECIDED MARCH 9, 1972.

*J. Ralph McClelland, Jr.,* for appellant.
*Peek, Whaley & Haldi, William H. Whaley, R. Joseph Costanzo, Jr.,* for appellees.