4005.   FLORIDA CENTRAL RAILROAD CO. *v.* CHEROKEE SAWMILL CO.

The allegations in the answer showed a valid set-off, and the court erred in striking it.

DECIDED JULY 2, 1912.

Complaint; from city court of Thomasville—Judge W. H. Hammond. January 5, 1912.

The Cherokee Sawmill Company brought suit against the Florida Central Railroad Company on a promissory note. The defendant admitted the execution of the note, but filed a plea of set-off, alleging, in substance, that it delivered at a designated time to the

plaintiff nine flat-cars, to be used in the plaintiff's sawmill opera-
tions; that the plaintiff used the cars, and, by reason of usage and
rough wear, they became worn out and of no value, and the plaintiff
was therefore indebted to the defendant the value of the cars at
the time of delivery to the plaintiff, to wit, $3,857, with interest;
also that the plaintiff, after it had used these cars as above stated,
agreed to pay the full value thereof; the plea being based both
upon an implied contract to pay for the cars and upon an express
promise to pay for them, made after their destruction. The plain-
tiff moved to strike the answer, and contended that the matters al-
leged therein as a defense sounded in tort, and could not properly be
pleaded as a set-off against a suit on a note. The court passed an
order striking the answer "for its insufficiency in law," and ren-
dered judgment in favor of the plaintiff for the principal, interest,
and costs. The case is here on exceptions to the order striking the
plea, and to the final judgment upon the note.

*Branch & Snow, Theodore Titus,* for plaintiff in error.
*Roscoe Luke,* contra.

HILL, C. J. (After stating the foregoing facts.)

The judge erred in striking the plea. The allegations of the
plea do not sound in tort, but are based upon an implied con-
tract which arose between the plaintiff and the defendant at the
time of the delivery of the cars. This implied contract was to pay
to the plaintiff the value of the cars, if they were destroyed by any
act of the defendant which in law amounted to a conversion, or
to pay the reasonable hire of the cars, although they might not have
been converted, but were eventually destroyed by the ordinary and
natural wear and tear. The plea seems, however, to contemplate
the first contingency mentioned, and not the latter. Even if the
cause of action had partaken both of the nature of a tort and of a
contract, the defendant had the right to waive the tort involved
in the destruction or use of the cars, and to sue for their value,
basing its claim upon an implied promise to pay for them in the
one case, or to pay the reasonable value of their hire in the other
case. Under these circumstances the law presumes a promise to
pay. Civil Code (1910), § 4406; *Buchanan* v. *McClain,* 110 *Ga.*
477 (35 S. E. 665). Besides, the plea contains the further allega-
tion that the plaintiff expressly agreed to pay to the defendant the
value of the cars after they had been rendered worthless by usage.

This express promise to pay constituted a contract which could be set off against the note; and the demurrer to the plea admits that this promise was made. For both reasons, therefore, we think it clear that the defense relied upon arose ex contractu and not ex delicto, and the court erred in striking the answer and entering up judgment on the note.　　　　　　　　　　*Judgment reversed.*