## REEVES *v.* JACKSON.

ATKINSON, J. 1. Upon consideration thereof, the motion to dismiss the bill of exceptions cannot be sustained.

2. A wife has the right to repudiate a colorable scheme or device by which she was induced by the creditor to assume the previous debt of her husband to such creditor without any consideration flowing to her, no matter how the transaction was covered up and concealed. *Jackson* v. *Reeves*, 156 *Ga.* 802 (3) (120 S. E. 541).

3. If a husband was indebted to two creditors, the debt of one having been incurred by reason of the fact that he had stood the bond of the husband, and the debt of the other being on account of repairs on an automobile belonging to the husband, and if the first-mentioned creditor entered into a collusive arrangement with the husband, and in pursuance thereof the husband by a written instrument gave the automobile to the wife, whereupon the first mentioned creditor, advanced the money with which the debt for repairs on such automobile was paid off, after which as a part of the scheme the first creditor, treating the amount of both demands as one debt to him, took the notes of the wife to cover such consolidated debts of the husband, the wife would not be liable to the first creditor on such notes.

4. A petition in equity for cancellation of a deed on the ground of forgery, which alleges that such deed was a forgery to the best of the knowledge and belief of the petitioner, sufficiently alleges forgery of such instrument.

5. Where a judgment was obtained in the municipal court of Atlanta against a defendant, to review which she sued out a writ of certiorari in the superior court, and where the certiorari and the answer thereto presented meritorious grounds for reversal of the judgment of the court below; and where, pending the certiorari in the superior court, the plaintiff in the judgment procured the husband of the defendant to represent to her that the husband had settled with the plaintiff the litigation and that it was no longer necessary for the wife to prosecute the certiorari, and where relying on such statements the wife dismissed or permitted her petition for certiorari to be dismissed, an equitable petition of the wife, setting out the above facts and seeking to have the judgment dismissing her certiorari canceled and set aside, presents a good and sufficient ground for the setting aside of such judgment, and her petition seeking such equitable relief should not have been dismissed on general demurrer on the ground that she was concluded by the judgment dismissing the petition for certiorari.

6. Applying the foregoing principles, the petition as amended set forth a cause of action, and none of the grounds of general or special demurrer were meritorious. It was therefore erroneous to sustain the demurrers and dismiss the petition.

*Judgment reversed. All the Justices concur.*

No. 3936. SEPTEMBER 4, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. June 28, 1923.

*Etheridge, Sams & Etheridge,* for plaintiff.

*R. R. Jackson,* for defendant.