16763.   MOOR *v.* SOUTHERN PACIFIC COMPANY.

JENKINS, P. J.   "If the consignee rejects the goods, the carrier's liability
    as such ceases, and he becomes liable as warehouseman.  As such ware-
    houseman he is chargeable with the duty of notifying the consignor of
    the consignee's refusal to accept the goods, and with the further duty
    of holding the same subject to the order of the consignor." *Alabama
    Great Southern R. Co.* v. *McKenzie,* 139 *Ga.* 410, 411 (77 S. E. 647,
    45 L. R. A. (N. S.) 18).  If, while in the carrier's custody as ware-
    houseman, they are seized or condemned under process of law, the car-
    rier is relieved from liability to the consignor for failure to carry out
    its agreement, provided it can show that it promptly notified the ship-
    per of such interference and seizure under legal process, or that the
    shipper had actual notice thereof.  In the absence of such notice or
    such knowledge, the mere seizure under valid process is not, however,
    sufficient to relieve the carrier from liability on account of delivering
    the goods to a person other than the consignee.
In this case the reference made in a copy letter to the contents of a
    previous letter had no probative value as going to show actual knowl-
    edge by the shipper of the seizure and condemnation of the goods.

                    *Judgment reversed. Stephens and Bell, JJ., concur.*
                        DECIDED APRIL 20, 1926.

Complaint; from Cobb superior court—Judge Blair.   July 20,
1925.

            STATEMENT OF FACTS BY JENKINS, P. J.

This was a suit by a railway company against a shipper, for
freight charges on certain fruit trees consigned by the defendant
at Marietta, Georgia, to Sonoma Seed Company at Santa Rosa,
California.   The defendant filed an answer denying liability, al-
leging that the plaintiff had not delivered the shipment as agreed,
but had converted the goods by delivering them to some person
other than the consignee, and he prayed judgment against the
plaintiff in a sum alleged to have been the value of the goods.   It
appears that when the trees were received at the point of destina-
tion they were inspected by the horticultural commissioner of
Sonoma county and condemned as being diseased.   It appears,
from the plaintiff's evidence, that after such condemnation the
plaintiff held the goods for twenty-eight days, and then, having
no alternative, was forced by authority of law to deliver them to
the said commissioner, by whom they were immediately burned.
The plaintiff introduced testimony from the agent at the point of

---

Carriers, 10 C. J. p. 243, n. 71; p. 270, n. 20, 25; p. 276, n. 8; p. 281,
n. 63, 66, 67; p. 282, n. 77; p. 283, n. 84.

destination to the effect that the consignee was promptly notified of the arrival of the goods, and that the shipper was notified of his failure to accept delivery. The company failed, however, to show that it notified the shipper that the trees had been condemned by the legal authorities, or that under the law they would either have to be destroyed or shipped out of the State. The shipper testified that the first knowledge of their condemnation came to him in a certificate sent him by the horticultural commissioner, certifying that the trees had been inspected and condemned on their arrival twenty-eight days previously, and had been that day destroyed. This certificate stated that "in compliance with the State quarantine law, we gave the owners the option of either destroying or shipping out of the State. After a reasonable length of time (28 days) had expired and we were not given the authority to ship the consignment out, we destroyed it by burning." Whether the "owner" thus referred to as having been thus notified was the shipper, or the consignee, does not otherwise appear, except that the shipper testified that he had not received any such notice. The judge directed a verdict against the plea of recoupment, and in the plaintiff's favor in the amount of the freight charges sued for.

*Anderson & Roberts,* for plaintiff in error.

*J. Glenn Giles,* contra.