16926. Colt Company v. Hiland.

Bell, J. 1. "Where the seller of a lighting plant, which must be set up and installed in the house of the purchaser before it can serve the use intended, procures another person to contract with the purchaser to set up and install the plant, to which contract the seller is not a party, the person thus procured by the seller to install the plant is, when installing it, performing services beneficial to the seller, in that the performance of such services enables the seller to do business with and contract with the purchaser. The installer, therefore, when performing such services, although he does so under his contract with the purchaser, and is paid by him, may nevertheless be also acting as an agent for the seller." *Colt Co.* v. *Pickron*, 32 *Ga. App.* 715 (3) (124 S. E. 550). Furthermore, "The rule seems to be general, that under appropriate pleading, where a contract in writing not under seal, and other than a negotiable instrument, is made in another name than that of the real principal, the real principal can sue and be sued. *Beckham v. Drake,* 11 Mees. & Wel. 315. It may possibly require some subtlety and refinement of reasoning to take this principle out of the operation of the

Agency, 2 C. J. p. 439, n. 4; p. 833, n. 35.
Contracts, 13 C. J. p. 304, n. 61; p. 705, n. 4; p. 713, n. 53.
Sales, 35 Cyc. p. 41, n. 79; p. 540, n. 65; p. 542, n. 83; p. 615, n. 15.

rule that a written instrument can not be added to, varied, or explained by parol. However, the distinction is firmly established in our jurisprudence, and is in the interest of fair dealing, that the real party to the contract, though his name may not appear therein, in the adjustment of disputes arising out of that contract between the contracting parties, should be allowed both to sue and be sued. Metcalf v. Williams, 104 U. S. 93, 96." Burkhalter v. Perry, 127 Ga. 438, 442 (56 S. E. 631, 119 Am. St. R. 343). The evidence in this case authorized the inference that the plaintiff vendor was a real party to the "installation contract" and was bound by the terms thereof, though its name did not appear therein and the agreement was signed only by the vendee and another as the "installer."

2. It is not essential that a written contract be contained in a single paper. Where a sales agent of the vendor of an apparatus made and designed to be used as a lighting plant solicited an order from another as vendee, which was to become an agreement of sale and purchase when accepted by an officer or credit manager of the vendor at its home office, and where the sales agent simultaneously procured the execution by the vendee of a separate writing between the vendee and an "installer" unnamed, for the installation of the apparatus for a sum specified, which was to "become a contract when accepted by the installer," both of which writings were delivered to the sales agent and were thereafter duly accepted, the one by the vendor's credit manager and the other by an installer procured solely by the vendor, the inference was authorized that the two writings constituted a single contract between the vendor and the vendee, obligating the vendor to deliver the apparatus at the contract price, and also to install it in further consideration of the vendee's paying for the services of the vendor's agents or employees making the installation. Horne v. Evans, 31 Ga. App. 370 (120 S. E. 787); Dolan v. Lifsey, 19 Ga. App. 518 (91 S. E. 913).

3. While under the facts of this case the vendor's agreement to sell and deliver and what the jury could have found was its obligation to install were independent and severable undertakings (see Civil Code of 1910, § 4228), and while the property appears to have been delivered according to contract, and there may have been no breach of warranty as to the property itself, yet where the vendor agreed to install the apparatus, it was its implied duty to do so with reasonable skill and ability (compare Block v. Happ, 144 Ga. 146 (2), 86 S. E. 316); and if the installation was executed improperly and defectively, the vendor would be liable to the vendee as for a breach of contract, for such damages as arose naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach. See Civil Code (1910), §§ 4390, 4395. If the installation was done so improperly and defectively as to destroy the value of the apparatus and render it worthless, as could have been inferred from the evidence, the vendee was entitled to plead and prove these facts in defense to the action for the purchase-price. Trustees v. Broadfield, 30 Ga. 1 (1, 2); Candler Investment Co. v. Cox, 4 Ga. App. 763 (2) (62 S. E. 479); Albany Phosphate Co. v. Hugger, 4 Ga. App. 771 (3) (62 S. E. 533); Chappell v. Western Ry., 8 Ga. App. 787 (3) (70 S. E. 208); Dornblatt v. Carlton, 10 Ga. App. 741 (73 S. E. 1085); Colt Co. v. Mallory, 35 Ga. App. 288 (133 S. E. 55).

(a) The rulings made in this paragraph would be the same whether the agreement of the vendor to sell and deliver and its obligation to install were contained in a single contract or in separate contracts. Civil Code (1910), §§ 4339, 4340; *Fla. Cen. R. Co.* v. *Cherokee Sawmill Co.*, 11 *Ga. App.* 278 (75 S. E. 164); *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478).

4. In the nature of the defense asserted it was not necessary for the defendant vendee to offer a restoration of the property, as would have been the case had he sought to avoid the contract on the ground of fraud.

5. The evidence did not demand a finding that the defendant knew or ought to have discovered the defensive facts relied on, before the execution of the note. *Mound City Roofing Tile Co.* v. *Walker*, 33 *Ga. App.* 207 (2) (125 S. E. 863).

6. Under the above rulings, the court did not err in allowing the amendment to the defendant's answer, nor in the admission of evidence, nor in any of the charges to the jury. The evidence authorized the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 18, 1926.

Complaint; from Jackson superior court—Judge J. B. Jones presiding. October 3, 1925.

*J. M. McClure,* for plaintiff. *Pemberton Cooley,* for defendant.