## 23038.  MOORE *v.* STANDARD ACCIDENT INSURANCE COMPANY.

DECIDED FEBRUARY 15, 1934.

H. R. *Edmondson, Wheeler & Kenyon,* for plaintiff.

*Little, Powell, Reid & Goldstein, J. B. Jones,* for defendant.

JENKINS, P. J. 1. "A bond of a contractor for public works, under the act of 1916 (Ga. L. 1916, p. 94; Michie's Code, § 389), conditioned 'for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract,' includes within its purview the stipulated rental for machinery furnished and used in the prosecution of the work." While an action can not be maintained "for compensation for wear and tear upon the machinery furnished, in so many words, yet . . wear and tear is an essential, if not the principal element in establishing the rental value of the leased machinery," which value is recoverable. *American Surety Co.* v. *Koehring Co.,* 44 *Ga. App.* 769, 770 (162 S. E. 840). The surety on such a bond is liable also "to one who furnished labor and material used in incidental and current repairs to the contractor's equipment and machinery employed in the work, but there can be no recovery upon such bond for the purchase-price of machinery and equipment bought for use in carrying out the contract, and available for other work as well, or for major repairs involving a substantial rebuilding of the machinery by the replacement of old with new parts, in the absence of proof that the new parts were consumed in the work covered by the bond." "The term 'machinery' as used in the act does not mean machinery forming a part of the contractor's equipment to be used on any and all jobs which he might thereafter undertake." The act does not cover "the purchase-price of machinery as permanent equipment in the conduct of the contractor's general business," such as "steam shovels, trucks, and other expensive and permanent equipment far exceeding the entire cost of the particular building upon the construction of which they might first be employed." *Yancey* v. *American Surety Co.,* 43 *Ga. App.* 740, 744 (160 S. E. 100). Under these decisions, which are in line with the better authority in other jurisdictions, construing statutes that,

as in this State, use the broader term "machinery" in addition to merely "materials furnished," the "determinative distinction is between items going into the work, or specially contributing to its execution and nothing else, and those properly chargeable to the plant and equipment of the contractor, and available not only for the pending work, but for others as well." *Yancey* v. *American Surety Co.*, supra; Clifton v. Norden, 178 Minn. 288 (266 N. W. 940, 67 A. L. R. 1227, notes). Applying the foregoing principles, one who has furnished machinery for the purpose of completing a contract, under the act of 1916, is entitled to recover upon the contractor's bond (a) the "stipulated rental" for machinery used solely in the prosecution of the work, provided that this does not exceed the "reasonable rental value," which covers the fair compensation for wear and tear upon such machinery in the work itself; or (b) the "reasonable rental value" for such use, in some degree measured by such wear and tear, where there is no expressly stipulated amount of rental; or (c) the purchase-price of machinery "furnished" in the work, provided that the machinery was necessary to the particular work, and was not merely equipment used or available to the contractor on other projects or in his general business, and the amount sought to be recovered does not exceed the reasonable rental value, covering and to some extent measured by what would be a fair compensation for the wear and tear caused only by the work, if the machine had been leased instead of sold, especially where the machine has been worn out by the work.

2. Although allegations of fact are to be construed most strongly against the pleader, yet, in the absence of a special demurrer attacking averments for duplicity, ambiguity, or insufficiency, the pleader will be presumed to have intended to serve his best interest and to have adopted that form of action which can be upheld, where a petition is ambiguous, subject to two constructions, and the allegations will support one form of action but not the other. *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (2) (116 S. E. 922); *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (3, *a*) (118 S. E. 694); *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311).

3. The original petition in the instant suit against a surety upon a contractor's bond, given under the act of 1916, was ambiguous and subject to two constructions, in that it alleged that the de-

scribed machinery was furnished to the contractor and used in the work, and that "the original price made by petitioner to the [contractor] was $700," of which $600 remained due, and thus it did not appear whether the "price made" represented the contract price for the furnishing and use of the machinery as alleged, or the price for its purchase. Construing the original petition as intended to use that form of action which might be maintained, these allegations, in the absence of an attacking special demurrer, may be construed as claiming a recovery of $600 as the stipulated price for the furnishing and use, that is, the agreed rental. It is further alleged that the "machinery as aforesaid was furnished . . for use in doing the work . . and was so used, and was rendered useless by being worn out in said work." It does not appear that the "compressor" and "motor" furnished were mere general equipment used or available upon other projects of the contractor. The petition was, therefore, not subject to the general demurrer upon the ground that it sought a recovery for contractor's equipment, contrary to the provisions of the bond and the act.

4. The original petition stating a cause of action, good as against the general demurrer, upon the theory that the defendant was liable for a definitely stipulated amount as the use or rental price of the machines, the amendment offered by the plaintiff upon this theory, merely amplifying the original petition so as to clear its ambiguity by showing that it sought a recovery of the $600 only as the "reasonable rental value," was proper. See *Woodley* v. *Coker*, 119 *Ga.* 226 (5) (46 S. E. 89). It did not seek to set up a new and distinct cause of action, because, as contended, the original petition pleaded and claimed the mere agreed purchase-price, while the amendment sought to recover the same amount as the "reasonable rental value of said machinery for the use thereof." Nor did the amendment change the suit from one on an express contract to a suit based only on a quantum valebat. See *Robinson* v. *Leatherbee Tie &c. Co.*, 120 *Ga.* 901 (48 S. E. 380); *Kraft* v. *Rowland*, 33 *Ga. App.* 806 (2), 808 (128 S. E. 812); *S. A. L. Ry. Co.* v. *Henderson Lumber Co.*, 28 *Ga. App.* 391 (111 S. E. 220), and cit.; *Jones* v. *Schachter*, 31 *Ga. App.* 709 (3), 710 (121 S. E. 69); *Florida Central R. Co.* v. *Cherokee Sawmill Co.*, 11 *Ga. App.* 278 (75 S. E. 164). Both the original petition and the amendment relied upon an express contract, the only difference being as to one term

of the agreement. The original petition alleged that a definitely fixed sum was agreed upon; the amendment, that the contractor would pay to the plaintiff "the reasonable rental value of said machinery for the use thereof." Such value, while unfixed, was readily ascertainable. In both pleadings, the amount was the same. It was, therefore, error not to allow the amendment, with opportunity to the defendant to file such demurrers thereto as it might desire and as would be proper.

5. "An allegation of certain material facts as true 'to the best of the plaintiff's knowledge and belief' is not a proper allegation in common-law pleading," as against a special demurrer attacking the allegation. *Girvin* v. *Georgia Veneer Co.*, 143 *Ga.* 762 (4) (85 S. E. 922); *Thompson* v. *Bank of Chatsworth*, 30 *Ga. App.* 443 (9) (118 S. E. 470). The general rule appears to be otherwise in equity pleading, or where there is only a general demurrer to the entire petition. See *Reeves* v. *Jackson*, 158 *Ga.* 676 (4) (124 S. E. 135); *Loflin* v. *Howard*, 48 *Ga. App.* 373 (5) (172 S. E. 831); 49 C. J. 38, 148, §§ 14, 163. The grounds of special demurrer, attacking the allegations in the 8th and 10th paragraphs of the petition as being made only upon "information and belief" were properly sustained. The remaining special grounds, which appear in the statement of facts, are without merit and should have been overruled.

6. The effect of the judgment sustaining the demurrer generally and dismissing the petition was to sustain it upon all grounds, both general and special. Since the petition, for the reasons stated, was not subject to the general demurrer, and the sustaining of the special grounds as to the 8th and 10th paragraphs would not have authorized its dismissal (*Wardlaw* v. *Executive Committee of Baptist Convention*, 47 *Ga. App.* 595, 170 S. E. 830; *Griffeth* v. *Wilmore, 46 *Ga. App.* 96, 98, 166 S. E. 673), the judgment must be reversed. The plaintiff should have reasonable opportunity to amend the defective allegations, if desired.

*Judgment reversed.    Stephens and Sutton, JJ., concur.*