25038, 25039. MORRIS *et al.* *v.* INTERNATIONAL AGRICULTURAL CORPORATION.

MacINTYRE, J. 1. There being a conflict between the record and the recitals in the bill of exceptions, the record controls. *Sanders* v. *State,* 18 *Ga. App.* 786 (90 S. E. 728).

2. A set-off is a cross-action, and must be pleaded with as much certainty and definiteness as a declaration in any suit of law. *Kahrs* v. *Kahrs,* 115 *Ga.* 288 (3) (41 S. E. 649); *Bracken* v. *Dillon,* 64 *Ga.* 243 (6) (37 Am. R. 70); *Atlanta Glass Co.* v. *Noizet,* 88 *Ga.* 43, 44 (13 S. E. 833); Code, §§ 81-101, 24-3310, 81-105.

3. The amendment offered at the time of the trial of 'the case was in the following language: "Now comes the defendant and amends the answer, and for cause of amendment alleges that for the year 1930, the year in which the notes were given the company, the plaintiff in the case is due the defendant, I. W. Morris, the sum of $747.17 now due and payable to him, and he pleads the same as set-off in the case and demands judgment for the excess." The trial court did not err in disallowing the

518

amendment, it being too vague and indefinite and not clearly and distinctly setting forth how, why, and when the plaintiff became indebted to the defendant.

4. While a married woman may contract, she can not bind her separate estate by any contract of suretyship. Code, § 53-503. And a note executed by a wife for the purpose of assuming a pre-existing debt of her husband, where the payee knows this fact at the time of its execution, can not be collected from her by the payee if she seeks to avoid it. *Veal v. Veal*, 50 *Ga. App.* 445 (178 S. E. 456).

5. Where a note is signed by a wife as principal and by another person as surety, the presumption of law is that she gives it as her own contract and for value to charge her separate estate. And where the creditor, at the time the debt is created, really intends in good faith to credit the wife, and not the husband, and the consideration for her promise passes legally and morally to her, and where the writing executed is such as purports to bind her for the debt as her own, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the guano (which is the consideration of the note) so received by her, the writing is to be treated as embracing the true substance of the contract. Nor does it matter in such a case that the negotiations relating to the purchase are in fact all had through the husband, where the transaction otherwise appears to be the bona fide and voluntary contract of the wife. *Longley* v. *Bank of Parrott*, 19 *Ga. App.* 701 (92 S. E. 232); *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296 (6), 310 (152 S. E. 834); *Third National Bank* v. *Poe*, 5 *Ga. App.* 113, 119 (62 S. E. 826).

6. Applying to the evidence the above-stated rules of law, the verdict in each of these two cases was authorized, and the court did not err in overruling the motion for new trial based on the general grounds only.

*Judgments affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 18, 1936.

*H. W. Nalley,* for plaintiffs in error.    *W. S. Mann,* contra.