### 27065.   SMITH v. SANDERSVILLE PRODUCTION CREDIT ASSOCIATION.

HAWES, Justice. The appeal here is from the final order of the trial court sustaining defendant's motion for a summary judgment and dismissing the plaintiff's complaint. In her complaint the plaintiff prayed for a decree that certain notes and security deeds executed by her are void and that the same be canceled. Plaintiff alleged that she executed the said notes and security deeds to secure the repayment of money loaned to her husband and that under the provisions of *Code* § 53-503, as it stood at the time, said notes and security deeds were ineffective to convey any interest in, or bind her separate estate, and that the deeds constitute a cloud upon her title which she is entitled to have canceled. The defendant denied the material allegations of the plaintiff's complaint and alleged that she executed the notes and security deeds in question as a joint obligor with her husband. The defendant made a motion for a summary judgment. Attached thereto were copies of the security deeds in question,

each of which recited that: It was executed "in consideration of the agreement of Sandersville Production Credit Association, hereinafter called lender, to lend to Billy S. Smith and Mary U. Smith, hereinafter called borrower. . ." the sum set forth therein. Each deed was signed by Billy S. Smith and Mary U. Smith. Also attached to the motion were copies of applications for loans which were signed by "Billy S. Smith and Mary U. Smith" as applicants. The plaintiff also moved for a summary judgment and in support thereof, and in opposition to the defendant's motion, attached an affidavit in which she verified the allegations of her complaint and averred that the realty described therein was her separate estate; that the loan applications, notes, bills of sale and security deeds signed by the plaintiff were not her original undertakings, jointly with her husband or otherwise; that she did not receive any of the proceeds of said loans; that in each case the execution of the documents by her was done in aid of her husband in obtaining loans for himself and constituted a pledge of her separate estate as security for her husband's debts, and that said transactions were colorable schemes designed to conceal the fact that the plaintiff was encumbering her separate estate to secure her husband's indebtedness. The trial court granted the defendant's motion for a summary judgment and dismissed the plaintiff's complaint. *Held:*

A summary judgment should not be rendered unless there is no genuine issue as to any material fact and unless the moving party is entitled to a judgment as a matter of law. *Code Ann.* § 81A-156. The burden is upon the movant to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evi-

dence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408). The affidavit of the plaintiff, as opposed to the facts disclosed by the papers attached to the movant's motion for a summary judgment, presented an issue as to the intent of the parties in entering into the agreements in question and presented a question as to the credibility of the plaintiff which could only be resolved by submitting the case to a jury. *Capital Automobile Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (2) (166 SE2d 584). In reaching the conclusion which it did, the trial court evidently took the view that the plaintiff was estopped to deny that she signed the loan applications and the deeds to secure debt in any capacity other than as co-maker. Under the provisions of *Code* § 53-503 as it stood at the time of the transactions in this case (but see the Act approved March 14, 1969, Ga. L. 1969, pp. 72, 73), there was no estoppel against a married woman to assert that she signed an instrument in a capacity other than as principal maker. *T. J. Dunbar & Co. v. Mize,* 53 Ga. 435 (2); *Rountree v. Rentfroe,* 139 Ga. 290 (77 SE 23); *Reeves v. Jackson,* 158 Ga. 676 (2) (124 SE 135); *Lee v. Johnston,* 162 Ga. 560 (2a) (134 SE 166). As to such transactions, the rule is that it is always open to a married woman to show by parol evidence the true nature of the transaction and that the question of whether she encumbered her property for her own benefit or in the capacity of a surety is for the jury. *Magid v. Beaver,* 185 Ga. 669 (196 SE 422). It follows that the trial court erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. All the Justices concur, except Nichols, Gunter and Jordan, JJ., who dissent.*

SUBMITTED MARCH 13, 1972—DECIDED APRIL 20, 1972.

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson,* for appellee.

JORDAN, Justice, dissenting. In my opinion the evidence presented on motion for summary judgment demanded a judgment for the defendant. I would affirm the trial court in so holding. The language in the loan applications and security deeds here involved clearly show the wife to be a co-maker and a co-obligor with her husband. "Where the husband and the wife sign a note jointly as joint principals, and there is nothing in the note to show that one is surety for the other, the presumption is that both are liable as joint principals. *Lovelady v. Moss,* 50 Ga. App. 652 (2 a) (179 SE 168). And where the husband and the wife thus apparently unite their credit in the execution of a joint note, and where the creditor at the time the debt is created really intends in good faith to credit the husband and the wife jointly as principals in a joint undertaking, and not the husband as principal and the wife as surety, and the consideration for their promise passes legally and morally to the husband and the wife jointly without division, and where the writing executed is such as purports to bind them for the debt as their joint debt, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned, and in which he has no interest as to the disposition, by either the husband or the wife or both of them, of the consideration so received by them, the writing is to be treated as embracing the true substance of the contract. *Morris v. International Agricultural Corp.,* 53 Ga. App. 517 (5) (186 SE 583); *Daniel v. G. Ober & Sons. Co.,* supra." *Herron v. Interstate Life &c. Co.,* 55 Ga. App. 534, 538 (190 SE 631). See also, *Dye v. Richards,* 210 Ga. 601 (1) (81 SE2d 820).

In United States v. Frost, (MD Ga.) 149 FSupp., 386, 389, the court said "At the inception of this operation, neither the husband nor the wife was indebted to the Farmers Home Administration, that is, there was no pre-existing indebtedness. This indebtedness was incurred jointly by the two defendants and both of them are equally liable to the plaintiff. 'The contract of suretyship is one whereby a per-

son obligates himself to pay the debt of another . . .' Section 103-101, Georgia Code Annotated. Here the wife has not contracted to pay the debt of another, but has contracted to pay the joint debt of herself and her husband. Therefore, Section 53-503, Georgia Code Annotated, providing that 'she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband,' avails her nothing."

Any decision of this court allowing a woman to dispute by parol testimony the clear and unmistakable written words of her contract should be overruled.

Women have come a long way in the realm of the law, beginning with and before the Married Woman's Act of 1866 establishing their right to a separate estate. The law deemed it proper at that time to restrict the feme covert from entering into a contract of suretyship or the assumption of the debts of her husband which would bind her separate estate. Those restrictions have served whatever purpose they might have had and are no longer needed by the "weaker sex," which has long since proved its ability to cope with the business world of the male.

The General Assembly recognized the phase of women's liberation by the Amendment to *Code* § 53-503 in 1969 (Ga. L. 1969, pp. 72,73) which removed real estate from the restrictions under this statute by making it applicable only to contracts dealing with the wife's "tangible personal property."

The trend of statute and constitutional law is to prevent discrimination in any form against women because of their sex. By the same token there should be no discrimination in their favor because of their sex.

I am authorized to state that Justices Nichols and Gunter concur in this dissent.