29164, 29165. ABERNATHY v. GRANT et al.;
and vice versa.

UNDERCOFLER, Justice.

Bradley Abernathy filed a complaint against Eva K. Grant, Jim Petree and Margie Sutton Petree. The complaint sought to set aside a deed between Eva K. Grant to Margie Sutton Petree and Jim Petree and demanded that Eva K. Grant be required to specifically perform a contract for the sale of land that she had made with the complainant, or in the alternative for $35,000 in damages. The complaint also sought damages in the amount of $35,000 against Margie Sutton Petree and Jim Petree for unlawfully interfering with the contract between the complainant and Eva K. Grant and it sought an injunction prohibiting Margie Sutton Petree and Jim Petree from selling the property which they had purchased from Eva K. Grant. By their answer the defendants denied the allegations of the petition.

The defendants filed a motion to dismiss the proceedings on the ground that the courts of Georgia have no jurisdiction of them since they are nonresidents of the state. The motion to dismiss was denied and the defendants cross appeal to this court. After hearing the evidence the trial court directed a verdict for the defendants and the complainant appeals to this court. *Held:*

1. The evidence shows that the property involved was owned by four heirs of Mrs. Giles Hathcock. In January, 1972, Bradley Abernathy contacted Gordon Sutton, Sr., one of the heirs, about buying the property. After negotiating with Sutton, Abernathy was informed that the heirs would sell the property for $65,000. Following Sutton's instructions, Abernathy forwarded a

contract dated February 3, 1972, for the sale of the land to the defendant, Mrs. Grant, together with his check for $5,000 as earnest money payable to "Mrs. Giles Hathcock Estate." The contract provided that the sale "shall be closed on or before 30 days." The letter from Abernathy transmitting the contract of sale stated: "If this contract is agreeable with you, please have all necessary heirs sign as sellers and return the original to me in the self-addressed, stamped envelope." On February 22, 1972, Abernathy called Mrs. Grant and was told by her that "there is no problem, we have accepted your offer. I have signed the contract and have forwarded it on to the other parties for them to sign."

Abernathy testified that his intention in preparing the contract and in mailing it with his cover letter was to purchase the property from all the owners of the Hathcock estate as a group for $65,000, and that he did not know their respective interests in the property at the time he prepared the contract and forwarded it to Mrs. Grant. However, he testified that he told Sutton that he would buy any interest in the property that he could. After Mrs. Grant had written a letter to Abernathy setting out the respective interests of four heirs and how the purchase money should be distributed between them, Abernathy wrote her a letter telling her that the purchase price would be divided among the heirs according to her letter.

On February 23, 1972, Mrs. Grant wrote Abernathy and told him that since the heirs were unable to reach a unanimous agreement to sell the property, she had requested Petree to return the "papers" to him which Petree did. She also wrote a letter to Petree and told him that since the sale would not be made to Abernathy the "papers" should be returned to Abernathy if they had not already been returned to Sutton.

Abernathy testified that when he received the sales contract from Petree, he went to the home of Mrs. Grant on March 2, 1972, and tendered her a check for her respective interest in the property and that during March before this tender, his attorney had informed her that he had a right to buy her individual interest in the property since she had executed the sales contract. Mrs. Grant

refused to accept the tendered check.

At the close of the evidence, the defendants moved for a directed verdict which was granted by the trial court.

The evidence in this case shows without contradiction that the sale of this property was to be made by the heirs of Mrs. Giles Hathcock as a group. Neither the buyer nor the sellers intended otherwise when the instrument was prepared and mailed with the cover letter to Mrs. Grant for her execution and delivery to the other heirs. "When the intent is manifest that the contract is to be executed by others than those who actually sign it, it is inchoate and incomplete, and does not take effect as a valid and binding contract. . . This case does not come within that class of cases wherein it is held that a party who signs and delivers an instrument is bound by the obligations it contains, although it is not executed by all the parties for whose signatures it was prepared, where there is nothing to indicate an intention on the part of him who signs not to be bound thereby until it is signed by others, which intention is brought home to the obligee therein, and where there is no express agreement or manifest intent to such effect, and where there is no loss of remedy by way of indemnity or contribution, by failure of other parties to execute the instrument. . . So we are of the opinion that it was the manifest intention of the parties to this contract that it was to be signed by all of the plaintiffs before it became binding on the two who signed it; and on the failure and refusal of one of the plaintiffs to sign it, it was not binding on those who did execute it." *Peacock v. Horne,* 159 Ga. 707, 723 (2) (126 SE 813). Compare *Butler Naval Stores Co. v. Glass,* 187 Ga. 317 (200 SE 286); *Jackson v. Stanford,* 19 Ga. 14 (2); and *Jukes v. Hull,* 151 Ga. 156 (106 SE 96).

Since there was no contradiction in the evidence as to the intention of the parties that the contract was to be entered into by the heirs as a group, the trial court did not err in directing a verdict for the defendants.

2. Under the ruling made in Division 1 of this opinion, the other enumerations of error need not be decided.

*Judgment affirmed on main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 1, 1974.

*Telford, Stewart & Stephens, John E. Girardeau,* for appellant.
*Greer, Sartain & Carey, J. Nathan Deal,* for appellees.