49580. RAMSEY et al. v. THOMAS.

CLARK, Judge.

Smart-alecks sometimes smirkingly say "Rehearing motions are a waste; judges don't even read them." Successful appellate advocates contradict such assertion. The instant appeal is confirmation that rehearing motions are considered closely and in detail because judges recognize they are subject to the affliction called "judicial astigmatism," which may be both visual

and mental.

In this case we rendered our original opinion affirming the trial court's grant to defendant of a summary judgment. This decision was based upon the allegation in the complaint that defendant "acted in bad faith, and has wilfully and maliciously injured the plaintiffs, and the defendant's acts constitute fraud" plus a claim in the ad damnum clause for punitive damages and attorney fees which would be allowable only in an action for fraud. Our first opinion pointed out that the action being premised upon an assignment could not be pursued because a cause of action for fraud was not assignable (Code § 85-1805). By rehearing motion appellants have called to our attention our "astigmatism" thusly: "In oral argument before this Court, the Plaintiffs stated in open court that they agreed with the proposition of law that a cause of action for fraud could not be assigned. . ." (P. 8). With this "mentally optical correction," we have withdrawn our original opinion and have reconsidered this case from another approach: an alleged breach of contract. In doing so we have concluded we must reverse because the evidence discloses the existence of a genuine issue of material fact.

The basis for this action was a contract for the sale and purchase of certain realty made between David N. Thomas as seller and James N. Nevins as purchaser. Nevins assigned this contract to the plaintiffs. Defendant was not the sole owner of the land and defended upon the basis that at the time he signed the contract he and Nevins had agreed the document was not to become binding until his co-owners had also entered their signatures to show their approval. See in this regard, *Abernathy v. Grant,* 232 Ga. 880 (209 SE2d 210).

When initially deposed Nevins, the original buyer under the contract, testified that the parties intended for the remaining owners of the property to sign the contract. Subsequently he averred to the contrary via affidavit. "[T]he general rule is that upon the trial of the case the testimony of a party litigant, where self-contradictory or ambivalent, must be construed against him, yet on motion for summary judgment made by a party upon whom the burden of proof does *not* lie

on the trial of the case, all evidence must be construed against the movant and in favor of the party opposing the motion. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); s. c., 124 Ga. App. 65 (183 SE2d 78). It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the plaintiff. That part of his testimony most favorable to his position will be taken as true on motion for summary judgment. . ." *Browder v. Aetna Life Ins. Co.,* 126 Ga. App. 140, 141 (190 SE2d 110).

This rule applies to the prior inconsistent statements of an individual who is subsequently made a party to a suit (*Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286)), and to the inconsistent statements of a non-party, as in case sub judice. *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122). Questions of credibility cannot be resolved via summary judgment. *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891); *Smith v. Sandersville Prod. Credit Assn.,* 229 Ga. 65 (189 SE2d 432).

*Judgment reversed. Bell, C. J., concurs. Quillian, J., concurs in the judgment only.*

Argued September 9, 1974 — Decided January 7, 1975 — Rehearing denied February 6, 1975 —

*Van Gerpen & Bovis, John V. Burch,* for appellants. *McClain, Mellen, Bowling & Hickman, Arthur Gregory, William M. Poole,* for appellee.

## On Motion for Rehearing.

In an eloquent brief filed in support of appellee's motion for rehearing able counsel emphasizes that we failed in the foregoing opinion to recognize "the evidentiary requirement established in *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697)." Headnote 3 at page 514 of that opinion is quoted and supplemented by argument.

Having observed from briefs filed in other appeals that attorneys have continued to cite the principle enunciated in Headnote 3 as is being done here, we deem it appropriate to point out that our court in *Burnette Ford*

*v. Hayes,* 124 Ga. App. 65 (183 SE2d 78) included *Chandler v. Gately,* supra, among seven cases which the opinion stated "can no longer be considered as binding authority on this court." This conclusion was correctly drawn from the answer to our certified question as furnished by the Supreme Court in *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866).

Accordingly, we are compelled to adhere to the foregoing opinion and, therefore, the rehearing motion is denied.

*Motion for rehearing denied.*