## 50150. PEACHTREE BOTTLE SHOP, INC. v. BESSEMER SECURITIES CORPORATION.

CLARK, Judge.

Judicial prudence is often the best jurisprudence. In recognition of the wisdom of such philosophy, trial judges phrase their orders with a laconic "motion denied." Appellate judges might well do likewise. When we were practicing lawyers, upon receipt of slip copies of opinions, we, similar to business men and accountants, looked first to the "bottom line." In reviewing an interlocutory order, an appellate court has the obligation imposed upon it to curb a tendency to verbosity (an occupational hazard) because of the impact upon the subsequent progress of the case. Erudite expressions on the legal points involved may cause the writer to be considered a learned jurist but may well result in prejudice to the parties at the trial which follows the intermediate decision.

The foregoing lucubrations[1] apply to the instant case in which a plaintiff tenant appealed via an immediate review certificate from denial of a motion for partial summary judgment sought against a defendant landlord for trespass and conversion based upon alleged wrongful eviction and illegal seizure of goods. Defendant landlord presented a number of defenses.

The record inclusive of pleadings, affidavits, exhibits and depositions totals 384 pages. The able advocates on both sides have dealt extensively and eloquently with the various legal questions. Appellant's first brief covered 19 pages and that of appellee was 33 pages. To this latter appellant filed a reply brief of 75 pages which was thorough both in research and argument. The keynote of this lengthy treatise was taken from *Holland v. Sanfax*

---

[1] A word preferred by B. Franklin to its synonym, ruminations.

*Corporation,* 106 Ga. App. 1, 5 (126 SE2d 442): "[A] shadowy semblance of an issue is not enough to defeat the motion."

We have devoted a full measure of study to appellant's extensive presentation as we are cognizant of the time and effort expended by counsel who have stated theirs to have been "a tedious and arduous task." (Page 73 of Reply Brief). On a personal note, remembering the desire of trial lawyers to receive in the written opinion some recognition from the appellate bench that their arguments have in fact been considered, the writer acknowledges his difficulty in exercising judicial abstinence.[2] But we will not indulge in the forensic frenzy of dissecting each of the various points and of analyzing application of the numerous citations which appellant argues amounts to nothing more than the "shadowy semblance of an issue." In following this course we have accepted the advice appellant asserts: "We beg the court not to fall into a trap and confuse the law beyond measure." (Page 46 of Reply Brief).

Our study has led us to conclude that the trial court was correct in denying the motion for summary judgment because of the existence of genuine issues of material fact. It would not aid counsel for the parties nor the court upon the forthcoming trial of these factual issues if we encumbered this opinion by a lengthy recital. The able advocates have in their extensive briefs shown they possess a full understanding of their respective positions and comprehension of all legal principles involved. In fact, any discussion by us might possibly result in a misconstruction by subjective interpretations.

Our Supreme Court succinctly stated the applicable law in *Smith v. Sandersville Prod. Credit Assn.,* 229 Ga. 65 (189 SE2d 432): "A summary judgment should not be rendered unless there is no genuine issue as to any material fact and unless the moving party is entitled to a judgment as a matter of law. Code Ann. § 81A-156. The

---

[2]As an alcoholic avoids the first drink, so too must one addicted to legal logorrhea refrain from writing the first sentence.

burden is upon the movant to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (1) (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (1) (129 SE2d 408)."

We should remember that "In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury. [Cits.]. On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. [Cits.]" *Watkins v. Nationwide Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED APRIL 9, 1975 — REHEARING DENIED MAY 9, 1975 —

*Howard, Wiggins & Smith, Walter A. Smith,* for appellant.

*Hansell, Post, Brandon & Dorsey, F. Carlton King, Jr.,* for appellee.