### 57529. STUBBS v. OLSHAN et al.

UNDERWOOD, Judge.

This is an appeal by plaintiff Stubbs from a grant of summary judgment to certain of the defendants below, all of whom he had charged with wrongfully conspiring to deprive him of his 40% interest in land. The theory of recovery appears to be that defendants, by refusing to accept his tendered installment payments required under the security deeds, and by inducing him into believing that the property taxes had been paid, and by refusing, as payments were made, to release portions of the land from the encumbrances as provided for in the release clauses

with the result that they could not be used to finance his remaining obligations under the security deeds, had created a situation of his apparent default under those security deeds so that the property could be bought in by the 60% owner at a nonjudicial, prearranged foreclosure sale.

While the complaint as filed had sought both damages and the enjoining of the foreclosure proceedings, after a hearing the temporary restraining order was dissolved upon findings of fact and conclusions of law made by the trial court. Thereafter the action proceeded as one for damages only, and upon the instant motion for summary judgment the court again made findings of fact and conclusions of law to the same effect as in the prior order.

This, we perceive was error. The ruling of the court on the injunction phase of the case encompassed only one instance of purported tender — that which occurred in open court at the hearing, and only one circumstance relating to the tax delinquency — the confusion in the Douglas County tax situation. The scope of the ruling was not sufficient to embrace the remaining factual occurrences and the larger issues as postulated by plaintiff, and consequently it was insufficient as a basis for the granting of the summary judgment.

"To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence* [cits.] and if necessary, prove the negative or non-existence of an essential element affirmatively asserted by the plaintiff." *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) (1974).

" 'A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the

plaintiff would not be entitled to recover under any discernible circumstances . . .' [T]he evidence offered by defendant on motion for summary judgment . . . must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely." *Watkins v. Nationwide Mutual Fire Ins. Co.,* 113 Ga. App. 801, 802-803 (149 SE2d 749) (1966).

Additionally, it was error for the court to make the factual determinations. "We should remember that 'In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury. [Cits.] On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. [Cits.].' " *Peachtree Bottle Shop v. Bessemer Securities Corp.,* 134 Ga. App. 729, 731 (215 SE2d 692) (1975).

*Judgment reversed. Banke, Acting P.J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED OCTOBER 22, 1979.

*Carl Fredericks,* for appellant.
*Robert H. Walling, William J. Wiggins,* for appellees.