65891. BUICE et al. v. T-SHIRTERY COMPANY STORE, INC. et al.

QUILLIAN, Presiding Judge.

The plaintiffs (appellees) seek to recover sums due under a promissory note and under a lease agreement all of which were given as part of a sales transaction by which the plaintiffs transferred their business to the defendants. The defendants answered the plaintiffs' complaint and set forth certain affirmative defenses and a

counterclaim against the plaintiffs. After discovery, the plaintiffs moved for summary judgment. After a hearing and consideration of the arguments and proof offered by each side, the trial judge granted summary judgment in favor of the plaintiffs. From this judgment the defendants appeal. *Held:*

The trial judge's order which contains findings and legal conclusions with regard thereto adequately disposes of the principal contentions made by the defendants in this appeal with one exception.

In their answer the defendants set forth the affirmative defense of payment. In their counterclaim, which was part of the answer, the defendants also alleged: "the Purchase Agreement did not accurately reflect the money paid." They further alleged: "that Defendants paid more money to the Plaintiffs than the closing documents reflected, which said money should be used as a credit or set-off in the within action . . ."

By affidavit, offered in opposition to the plaintiffs' motion for summary judgment, one of the defendants attested: "there has been payment of $20,000.00 to the Plaintiffs for which the Defendants have not received credit and such sum should be considered in off setting any sums the Plaintiffs allege being due from the Defendants."

Because of the language used in the counterclaim the trial judge found "the 'payment' of $20,000 referred to by Defendants in paragraph number 5 of the affidavit relates to alleged payment at the time of the Purchase Agreement." While this might be a reasonable assumption, the record is entirely silent as to such fact and therefore totally failed to sustain this finding as a matter of law.

On motion for summary judgment the burden is on the moving party to establish its right to recover as a matter of law. *Smith v. Sandersville Production Credit Assn.,* 229 Ga. 65, 66 (189 SE2d 432). "The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence." *Peachtree Bottle Shop v. Bessemer &c. Corp.,* 134 Ga. App. 729, 731 (215 SE2d 692). Accord, *Cumberland Assocs. v. Market Assistants, Inc.,* 142 Ga. App. 483 (236 SE2d 109).

In the case sub judice plaintiffs could have ascertained at what point in time the payments were made either through a pretrial conference, or by interrogatories, requests for admissions or by other discovery proceedings. Since in this case we have proof of payment in a certain amount but no evidence as to the time such payment was

made, we cannot assume as a matter of law that such payment was made contemporaneously with the execution of the contract.

Summary judgment not having been demanded on this issue, it was error for the trial judge to grant the plaintiffs' motion and enter judgment for them.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 13, 1983 —
REHEARING DENIED JUNE 22, 1983.

*Kirby G. Atkinson,* for appellants.
*Brad Cohen, Allan L. Galbraith,* for appellees.